WIlliam George Wilkins v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-163-CR

Â Â Â Â Â WILLIAM GEORGE WILKINS III,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F36692
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant William George Wilkins III has filed a motion requesting that this Court withdraw
Appellantâs notice of appeal and dismiss this appeal. In relevant portion, Rule 42.2 of the Texas
Rules of Appellate Procedure states:
(a) At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the party that appealed withdraws its notice of appealâby filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex. R. App. P. 42.2(a). We have not issued a decision in this appeal. The motion is signed by
Wilkins. See id. A copy has been sent to the trial court clerk. Id.
Â Â Â Â Â Â This appeal is dismissed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed July 9, 2003
Do not publish
[CR25]



 with the State that Dunigans second issue is multifarious and
improperly briefed.Â  Accordingly, the issue is overruled.

Fair Trial

Dunigan contends in his third issue that
he was denied the right to a fair and impartial trial under Article I, Section
10 of the Texas Constitution because of statements the trial court made during
voir dire and because the trial court denied him a full record for purposes of
appeal.Â  The State asserts that the first part of DuniganÂs issue was not
preserved because Dunigan failed to object to the trial courtÂs statements.Â 
Dunigan maintains that the comments by the trial court tainted the presumption
of innocence and was fundamental error which required no objection.Â  

Texas Rule of Appellate Procedure 33.1
provides that, in general, as a prerequisite to presenting a complaint for
appellate review, the record must show a timely, specific objection and a ruling
by the trial court.Â  Tex. R. App. P.
33.1.Â  See Layton v. State, 280 S.W.3d 235, 238 (Tex. Crim. App.
2009); Neal v. State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004).Â 
Unpreserved error may be reviewed if the error is a fundamental error that
affects a defendant's substantial rights. Â Tex.
R. Evid. 103(d); Marin v. State, 851 S.W.2d 275, 279-80 (Tex.
Crim. App. 1993).Â  However, there are few rights that must be affirmatively
waived and may therefore be raised for the first time on appeal.Â  Marin,
851 S.W.2d at 280.Â  

Dunigan takes issue with the following
statements by the trial court at the beginning of voir dire.

All right.Â  And Mr. Dunigan is charged
with the offense of evading arrest with a vehicle.Â  That is a felony offense in
the State of Texas.Â  To evade arrest with a vehicle, that is while a Â if you
evade arrest with a vehicle while an officer is attempting to detain or arrest
you and you evade arrest or detention or stop with a vehicle, that is a felony
offense in the State of Texas.Â  One thing it doesnÂt mean, it is not a defense
to the offense of evading arrest whether you actually did anything to cause the
officer to stop you or try to stop you or detain you or arrest you.Â  

***

Â Â Â Â Â Â Â Â Â Â Â  As I said, attempting to
arrest or detain somebody.Â  A police officer doesnÂt have to be able to prove
at the time heÂs attempting to arrest or detain you or to investigate an
offense, heÂs not required to be able to prove at that point in time beyond a
reasonable doubt that a defendant did do something.

Â 

Â Â Â Â Â Â Â Â Â Â Â  TheyÂre required to have a
reasonable suspicion to detain, have a probable cause to arrest.Â  They have
those lower standards that may be applicable.Â  But the fact that that doesnÂt
turn out and a defendant did not commit the offense of which they were
attempting to detain or evade or flee Â still doesnÂt give the citizenry the
right to flee, even though theyÂre not guilty.

Â 

After reviewing these statements, we
find they did not rise to such a level as to Âbear on the presumption of
innocence or vitiate the impartiality of the juryÂ and therefore do not
implicate the doctrine of fundamental error.Â  Jasper v. State, 61 S.W.3d
413, 421 (Tex. Crim. App. 2001).Â  Therefore, Dunigan was required to object to
preserve this issue for our review.Â  He did not.Â  This portion of DuniganÂs
third issue is not preserved.

The second part of DuniganÂs third
issues involves his ability, or lack thereof, to review for appeal the DVD that
had been admitted in evidence.Â  There is nothing in the appellate record that
supports DuniganÂs complaint.

Accordingly, DuniganÂs third issue is
overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled each issue
presented, we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Affirmed

Opinion
delivered and filed March 2, 2011

Do
not publish 

[CR25]